OPINION. Murdock, Judge: The petitioner is entitled to the excess profits credit based upon income or to one based upon invested capital whichever is more beneficial. Section 712. The Commissioner has allowed the proper credit based upon income. The petitioner claims that the credit to which it is entitled based upon invested capital is larger since its equity invested capital includes $128,800 representing the value of the lease paid in for stock, and that event took place in 1920. The Commissioner agrees that the credit based upon invested capital will result in the lesser tax if, but only if, the acquisition of the lease is reflected in equity invested capital at approximately $128,800. Section 718 (a) (2), as it applied to the taxable years, provided that property paid in for stock should be included in the computation of equity invested capital “in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange.” The general rule is that the basis of property for determining loss upon a sale or exchange is the cost of the property, but section 113 (a) (8), as it applied to the taxable years, provided that if the property was acquired after December 31,1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) then the basis shall be the same as it would be in the hands of the transferor adjusted for any gain or loss recognized to the transferor upon the transfer under the law applicable to the year in which the transfer was made. Section 112 (b) (5) provided that no gain or loss should be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, immediately after the exchange such person or persons are in control of the corporation, and the amount of stock received by each is substantially in proportion to his interest in the property prior to the exchange. Section 202 (c) (3) of the Revenue Act of 1921 contained a similar provision. The five associates had equal interests in the lease prior to the transfer and each received and owned one-fifth of the stock of the petitioner as a result of the transfer. Thus, the transaction whereby the petitioner acquired this lease comes precisely within those provisions and no gain or loss was recognizable on that transaction. The basis of the lease to the petitioner for loss is thus the transferor’s basis. The petitioner tries to escape that result by arguing that the property was acquired prior to December 31, 1920. Section 113 (a) (8) provides “If the property was acquired after December 31, 1920, by a corporation — (A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) * * The lease was acquired solely by the issuance of stock. Obviously the acquisition was not completed within the meaning of section 113 (a) (8) (A) until the issuance of the stock which necessarily took place after December 31,1920, since there was no corporation and there was no stock until after that date. The above conclusion is fatal to the petitioner’s contention. It has never addressed itself to the question of the basis of the transferors, does not claim that that basis was substantial, and the record does not show what that basis was. However, it does show that it was relatively small, for example, less than one-fifth of the $128,800, and such a basis would do the petitioner no good. Even if the transaction of acquisition took place prior to December 31,1920, the petitioner would still fail to make a case. The basis of the lease would then be its cost. Its cost was in shares of stock of the petitioner. The only asset back of those shares so'far as this record shows was the lease. See Regulations 112, section 35.718-1. The petitioner contends, but has failed to prove, that the value of the lease at that time was $128,800. It must rely entirely upon the minutes of the meeting of the board of directors for February 9,1921, in which it is recited that the property offered by Jones in exchange for the 128,800 shares of the petitioner “is adjudged by this board to be of the reasonable value of $128,800.00.” However, the evidence as a whole shows that the value of the lease was not more than a small part of that amount. Decision will be entered for the respondent.